# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Site Pro-1, Inc.,<br><br>             Plaintiff<br>   v.<br>Better Metal, LLC,<br><br>           Defendant | Civil Action No. 05cv6508<br>Judge Glasser<br>Magistrate Judge Reyes, Jr. |

## DECLARATION OF LOUIS N. PODESTA

I, Louis N. Podesta, submit this declaration on behalf of Site Pro-1, Inc. (herein "SP1"), in opposition to a Rule 12(b)(6) motion brought by Better Metal LLC ("BM"). I hereby state that:

1. I have reviewed the Complaint in this action, and am familiar with the sponsored search that BM had purchased from Yahoo!.com that linked the SITE PRO 1® trademark to its www.bettermetal.com website, as described in the Complaint in this action and shown at Exh. B thereof.

2. As technical consultation and employee of SPX Studios, I have first-hand experience with contracting for sponsored searches with search engines such as Yahoo!.com.

3. Search engines such as Yahoo!.com offer sponsored searches to allow a subscriber, such as BM, to obtain a most favorable listing on a search result page.

4. It is my experience that Yahoo!.com will allow a subscriber to download a full report that shows the total number of click-throughs obtained for the subscriber's sponsored search, these reports can go back approximately 6 months. Further, I have been informed that Yahoo!.com maintains and stores such information that goes beyond this 6 month period, and Yahoo!.com will provide such further information on subscriber request.

5. I have been informed that counsel for Site Pro 1 has requested the Yahoo!.com subscriber report, but that BM has indicated that such report is not longer available to show the total click-throughs obtained from the Site Pro 1 sponsored search.

Dockets.Justia.com

6. I am also familiar with the use of metadata, particularly in the context of Internet advertising.

7. Metadata is of increasing importance in Internet operations, particularly in regard to driving the results that are returned when an Internet search is performed, separate and apart from whether a sponsored search is purchased from any Internet search engine.

8. Metadata plays an essential role of locating data stored in data warehouses that support XML-based Internet applications.

9. It is my experience that an Internet website owner will specify, through consultation with his or her website developer/optimizer, the exact metadata that is saved on the computers that host the Internet website and is used to direct search results for Internet applications.

10. Metadata associated with a particular website is often viewable by changing certain settings in an Internet browser.

11. However, I have accessed BM's www.bettermetal.com webpage and confirm that BM configured its webpage to preclude identification of metadata utilized therein. Accordingly, the metadata that BM chose to drive the results returned when an Internet search is performed cannot presently be known.

I declare under penalties of perjury that the foregoing is true and correct.

Louis N. Podesta

Dated: March 14, 2007

Podesta Declaration

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Site Pro-1, Inc.,<br><br>                    Plaintiff<br>        v.<br>Better Metal, LLC,<br><br>                    Defendant | Civil Action No. 05cv6508<br>Judge Glasser<br>Magistrate Judge Reyes, Jr. |

**DECLARATION OF JOSEPH P. CATAPANO**

I, Joseph P. Catapano, President of Site Pro-1, Inc. (herein "SP1"), plaintiff in the above captioned action, submit this declaration in opposition to a Rule 12(b)(6) motion brought by Better Metal LLC ("BM").  I hereby state that:

1. Appended hereto as Exhibit 1 is a true and accurate copy of a letter sent by counsel for SP1 on or about April 29, 2004, to BM regarding BM's infringing use of the Site Pro 1 trademark in regard to registration by BM of the domain name sitepro1.com.

2. Appended hereto as Exhibit 2 is a true and accurate copy of a Release that was presented to BM, and subsequently executed in essentially the same form provided, to resolve without litigation the trademark infringement issue described in paragraph 1 above.

3. Exhibits 1 and 2 hereto were drafted and signed before I or, to my knowledge, anyone else at Site Pro 1 became aware of the further infringement by BM that is described in the Complaint of this action.

4. On information and belief, BM purchased the Yahoo!.com sponsored search that is identified in the Complaint in this action after having received Exhibits 1 and 2 hereto.

5. On information and belief, BM was well aware of SP1's trademark rights in the SITE PRO 1 mark at the time that BM purchased the Yahoo!.com sponsored search.

6. BM's purchase of the Yahoo!.com sponsored search is one example of the willful disregard for SP1's trademark rights and its willful infringement.

7. Other than to improperly divert the searches of people searching the Internet for SP1, I am not aware of any reason for BM to have purchased the Yahoo!.com sponsored search.

8. On information and belief, SP1's advertising budget exceeds BM's advertising budget by at least a factor of ten.

9. BM's purchase of the Yahoo!.com sponsored search is one example of BM improperly trading on the good will the SP1 has developed in its SITE PRO 1® mark.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: March 14, 2007

Joseph P. Catapano

Catapano Declaration



## Moritt Hock Hamroff & Horowitz LLP

ATTORNEYS AT LAW

400 Garden City Plaza   Garden City, New York 11530

◆

(516) 873-2000   Fax (516) 873-2010
website www.mhhlaw.com

Terese L. Arenth
Partner
Email: tarenth@mhhlaw.com

April 29, 2004

**VIA FACSIMILE, EMAIL
AND FEDERAL EXPRESS**
Better Metal LLC
1040 Cornelia Street
Nashville, TN 37217
Attn: David Stansberry

Re:     **Violation of the Anticybersquatting Consumer Protection Act
and Infringement of Trademark Owned by Site Pro 1, Inc.**

Dear Mr. Stansberry:

This firm is counsel to Site Pro 1, Inc. ("Site Pro"), which is a premier manufacturer of wireless site components and has been actively promoting, marketing and advertising its services in the industry using the trademark "Site Pro 1" (the "Trademark") for the past several months, resulting in its experience of tremendous growth and success since such time.

It recently came to Site Pro's attention that the domain name, "sitepro1.com" (the "Infringing Mark"), was registered in the name of Domains by Proxy, Inc. We are aware that Domains by Proxy privately registers domain names in the name of Domains by Proxy to protect the identity and personal information of the true domain name owner from public disclosure, while the true domain name owner retains all the full benefits of domain name registration. The Infringing Mark is confusingly similar (and indeed identical) to Site Pro's Trademark and the Infringing Mark at the time was being used to access the website of Tessco Technologies ("Tessco"), by automatically redirecting users to Tessco's competitive "tessco.com" website. By letters dated April 20, 2004 to both Tessco and Domains by Proxy, we demanded that they cease and desist from their use of the Infringing Mark, in order to avoid Site Pro's commencement of legal action against either or both companies. In response, we learned from Tessco that it was unaware of the redirect to its website until receipt of our letter and that the redirect was wholly unauthorized by Tessco. We since learned from Domains by Proxy that Better Metal LLC ("Better Metal") was, in fact, the actual domain name owner and, upon having been contacted by Domains by Proxy to resolve this issue, it is apparent that Better Metal responded by redirecting the domain link from Tessco's website to the "Dildo Run Provincial Park" home page.

PLAINTIFF'S
EXHIBIT

1

# Moritt Hock Hamroff & Horowitz LLP

Better Metal LLC
April 29, 2004
Page 2

The use of the Infringing Mark in such a manner is in violation of our client's rights under the Anticybersquatting Consumer Protection Act ("ACPA") and further constitutes a violation of the Lanham Act, which is a Federal statute protecting owners of registered and unregistered marks from actions such as yours. Your use of the Infringing Mark constitutes, among other things, violation of 15 U.S.C. §1114 and unfair competition, and false designation of origin in violation of 15 U.S.C. §1125 of the Lanham Act. Your unauthorized use of the Trademark is a very serious matter. Given the circumstances, it is clear that it is your intent to harass Site Pro, and to divert and confuse its existing and potential customers. Moreover, your violation of the Lanham Act is manifestly deliberate, willful and in utter disregard of our client's rights. As such, our client is entitled to an injunction permanently restraining your use of the Infringing Mark and recovering the complete monetary relief provided under the ACPA and the Lanham Act, including attorneys' fees, court costs and actual or statutory damages up to $100,000.00 together with any and all profits from your use of the Infringing Mark. Your use of "sitepro1.com" also violates State unfair competition laws.

Demand is hereby made that you _immediately_ cease and desist from utilizing "sitepro1.com". We demand that within forty-eight (48) hours from receipt of this letter you confirm to us in writing that you have ceased all use of "sitepro1.com" or any similar name in all respects, that you will refrain from any such use permanently and that you detail all steps taken to disable such URL and render it inoperative.

If we do not receive the written assurances and relief demanded within the stated time frames, please be advised that Site Pro will seek to enforce as against you all of its rights and remedies in a legal action without further notice, seeking injunctive relief and the complete monetary relief provided under the Lanham Act, applicable State law and the ACPA on account of your willful and tortious conduct.

Very truly yours,

Terese L. Arenth

TLA:ta
cc:    Site Pro 1, Inc.

F:\Site Pro 1\Corresp\better metal c&d.wpd

## RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

KNOW THAT SITE PRO 1, INC., as RELEASOR, in consideration of the sum of ten dollars ($10.00), the assignment and transfer of ownership of the domain name "sitepro1.com" to Releasor and other good and valuable consideration, received from BETTER METAL, LLC, DAVID STANSBERRY, JR. and JACK FARMER, as RELEASEES, receipt whereof is hereby acknowledged, releases and discharges RELEASEES, RELEASEES' heirs, executors, principals, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have from all claims or causes of action of any nature or kind, whether known or unknown, from the beginning of time to the date of this RELEASE, arising out of or relating to the registration and use of the domain name "sitepro1.com".

The words "RELEASOR" and "RELEASEES" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed by its duly authorized signatory on May ___, 2004.

IN PRESENCE OF:

SITE PRO 1, INC.

By:_____
Joseph P. Catapano, President

F:\SITE PRO 1\RELEASE.DOC

PLAINTIFF'S
EXHIBIT
2