Paul J. Farrell

Michael J. Musella
Wendy A. Greenseich
John F. Gallagher III
Ryan C. Carter\*
Emmanuel Coffy\*\*
Dinh G. Lai\*\*

Thomas C. Schoeffler
Camilo E. Adames

\*Admitted in Maryland
\*\*Admitted in New Jersey

THE FARRELL LAW FIRM
A Professional Corporation
ATTORNEYS AT LAW
333 Earle Ovington Boulevard, Suite 701
Uniondale, New York 11553

Tel: 516-228-3565
Fax: 516-228-8475 / 516-228-8476
e-mail: genmail@farrelliplaw.com

March 30, 2007

Via ECF

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East, Room 263
Courtroom A – North Wing, 2nd Floor
Brooklyn, New York  11201

      Re:    **Site Pro 1 v Better Metal**
                **06cv6508 (ILG/RER)**

Dear Judge Reyes:

      We, as counsel for plaintiff Site Pro 1, request the Court's authorization, pursuant to Rule 26(d), FED.R.CIV.P., to serve the enclosed *Subpoena duces tecum* prior to issuance of a discovery scheduling order.

      To avoid inadvertent loss of data presently being maintained by Yahoo! Inc. regarding sponsored searches results and click-through information, it is necessary to serve this *Subpoena* prior to issuance of a discovery scheduling order.[1]

      As explained in the Rule 12(b)(6), FED.R.CIV.P., motion papers recently submitted for Your Honor's ruling, this action is based —in part— on defendant's purchase of sponsored

---

[1] In view of defendant's Rule 12(b)(6) motion, is unclear whether defendant agrees that the parties have held a Rule 26(f) conference for purposes of commencing discovery. During the parties' initial conference, defendant verbally confirmed that it has taken steps to preserve its discoverable electronic information, including metadata associated with defendant's webpage and email data of David Stansberry Jr. and Jack Farmer, who were identified in regard to defendant's prior infringement of plaintiff's SITE PRO 1® trademark. See, Declaration of Joseph P. Catapano (Docket Entry 16-2).

The Honorable Ramon E. Reyes, Jr.
Site Pro 1 v Better Metal; 06cv6508 (ILG/RER)
March 30, 2007
Page 2

Internet searches that utilize plaintiff's SITE PRO 1® trademark. Defendant purchased the sponsored searches from Yahoo! Inc., to which the enclosed *Subpoena* is directed.

The enclosed *Declaration of Louis N. Podesta* explains the procedure followed by Yahoo! Inc. for maintaining and storing click-through information. Plaintiff has sought to obtain this click-through information from defendant. However, defendant has indicated that it does not have such information in its possession. The only other entity having such information is Yahoo! Inc.

The enclosed *Subpoena* is very narrow in scope. It will not be burdensome for Yahoo! Inc. to provide the two requested reports.

We have conferred with defendant's counsel and negotiated the scope of the enclosed *Subpoena*. However, we could not obtain defendant's consent.[2] Accordingly, pursuant to Rule 26(d), FED.R.CIV.P., we await Your Honor's authorization to serve the enclosed *Subpoena duces tecum*.

Please let us know if any additional information is required.

Respectfully submitted,

John F. Gallagher III
Counsel for Plaintiff, Site Pro 1

Enclosures:   *Subpoena duces tecum*; and
              Declaration of Louis N. Podesta.

cc (via ECF):   Thor Y. Urness, Esq.
                Jonathan Rose, Esq.
                BOULT, CUMMINGS, CONNERS & BERRY, PLC
                Counsel for Defendant, Better Metal

---

[2] Defendant's counsel requested that the following note be included in our letter to Your Honor:
  Defendant's counsel have "worked diligently … to reach a
  compromise, but cannot agree to the subpoena as proposed because it
  seeks information irrelevant to the plaintiff's claims."
Plaintiff disagrees. Plaintiff has explained to defendant that all of the information sought in Subpoena is reasonably calculated to lead to discovery of mater that is relevant to the subject matter in this case, including damages and willfulness issues.
  Subsequent negotiations confirmed that defendant does not object to the scope of the first request that is include in Schedule A of the Subpoena. Defendant's concern is disclosing its comparative sponsored search activity, which is included in the second request in Schedule A of the Subpoena.

Issued by the
# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Site Pro-1, Inc.
    Plaintiff,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER [1] : 06cv6508 E.D.N.Y.

V.

Better Metal, LLC
    Defendant.

TO:    Yahoo! Inc.
    701 First Avenue
    Sunnyvale, California 94089

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**The documents identified in Schedule A hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Offices of The Farrell Law Firm, P.C., 333 Earle Ovington Blvd, Suite 701, Uniondale, NY 11530; or a mutually agreeable location. | April 30, 2007, 10:00 am |

☐ YOU ARE COMMANDED TO PERMIT INSPECTION OF THE FOLLOWING PREMISES AT THE DATE AND TIME SPECIFIED BELOW.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| *[signature]* | |
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>John F. Gallagher III, JG-3174, Attorney for Plaintiff<br>The Farrell Law Firm, 333 Earle Ovington Blvd, Ste 701, Uniondale, NY 11553, Tel #: (516) 228-3565 | March 29, 2007 |

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

---

1. If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANAGER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                Date

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45. Federal Rules of Civil Procedure Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the times specified for compliance if such time is less than 14 days after service, served upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden,

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material s, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A
TO
SUBPOENA OF YAHOO! INC.**

**REQUESTS**

1. A report identifying, by month for the past six years, the total number of click-throughs that you provided to Better Metal for internet searches performed for the search terms "site pro 1" and "site pro one", including but not limited to click-throughs provided to the www.bettermetal.com webpage.

2. A report identifying, by month for the past six years:

   a. each sponsored search purchased by Better Metal, including but not limited to the search terms "site pro 1" or "site pro one", and

   b. the amount of money that Better Metal paid you for each such sponsored search.

**DEFINITIONS**

"Better Metal" means Better Metal, LLC, a corporate entity having offices at 126 Wheeler Street, La Vergne, TN 37086, that operates webpage www.bettermetal.com, as well as all predecessors and successors in interest to Better Metal, LLC, all parents, subsidiaries, and affiliates, and their present and former directors, officers, representatives, agents, employees, experts, consultants, representatives, attorneys and persons acting on behalf or under the control of Better Metal, LLC.

"You" means Yahoo! Inc., a Delaware corporation having a business address of 701 First Avenue, Sunnyvale, California 94089, as well as all predecessors and successors in interest to Yahoo! Inc., all parents, subsidiaries, and affiliates, and their present and former directors, officers, representatives, agents, employees, experts, consultants,

representatives, attorneys and persons acting on behalf or under the control of Yahoo! Inc.

\* \* \*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing:

**SUBPOENA OF YAHOO! INC.**

was served by first class mail, postage prepaid, this ____ day of March, 2007, on the following:

> Jonathan Rose, Esq.
> BOULT, CUMMINGS, CONNERS & BERRY, PLC
> 1600 Division Street
> Nashville, TN 37203

_____
John F. Gallagher III

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Site Pro-1, Inc., <br>                 Plaintiff <br> v. <br> Better Metal, LLC, <br>                 Defendant | Civil Action No. 05cv6508 <br> Judge Glasser <br> Magistrate Judge Reyes, Jr. |

### DECLARATION OF LOUIS N. PODESTA

I, Louis N. Podesta, submit this declaration on behalf of Site Pro-1, Inc. (herein "SP1"), in opposition to a Rule 12(b)(6) motion brought by Better Metal LLC ("BM"). I hereby state that:

1. I have reviewed the Complaint in this action, and am familiar with the sponsored search that BM had purchased from Yahoo!.com that linked the SITE PRO 1® trademark to its www.bettermetal.com website, as described in the Complaint in this action and shown at Exh. B thereof.

2. As technical consultation and employee of SPX Studios, I have first-hand experience with contracting for sponsored searches with search engines such as Yahoo!.com.

3. Search engines such as Yahoo!.com offer sponsored searches to allow a subscriber, such as BM, to obtain a most favorable listing on a search result page.

4. It is my experience that Yahoo!.com will allow a subscriber to download a full report that shows the total number of click-throughs obtained for the subscriber's sponsored search, these reports can go back approximately 6 months. Further, I have been informed that Yahoo!.com maintains and stores such information that goes beyond this 6 month period, and Yahoo!.com will provide such further information on subscriber request.

5. I have been informed that counsel for Site Pro 1 has requested the Yahoo!.com subscriber report, but that BM has indicated that such report is not longer available to show the total click-throughs obtained from the Site Pro 1 sponsored search.

6. I am also familiar with the use of metadata, particularly in the context of Internet advertising.

7. Metadata is of increasing importance in Internet operations, particularly in regard to driving the results that are returned when an Internet search is performed, separate and apart from whether a sponsored search is purchased from any Internet search engine.

8. Metadata plays an essential role of locating data stored in data warehouses that support XML-based Internet applications.

9. It is my experience that an Internet website owner will specify, through consultation with his or her website developer/optimizer, the exact metadata that is saved on the computers that host the Internet website and is used to direct search results for Internet applications.

10. Metadata associated with a particular website is often viewable by changing certain settings in an Internet browser.

11. However, I have accessed BM's www.bettermetal.com webpage and confirm that BM configured its webpage to preclude identification of metadata utilized therein. Accordingly, the metadata that BM chose to drive the results returned when an Internet search is performed cannot presently be known.

I declare under penalties of perjury that the foregoing is true and correct.

_Louis N. Podesta_
Louis N. Podesta

Dated: March 14, 2007