

**BOULT ▪ CUMMINGS®**
**CONNERS ▪ BERRY** PLC

Jonathan D. Rose
(615) 252-2308
Fax: (615) 252-6308
Email: jrose@boultcummings.com

April 4, 2007

**VIA ECF**

Honorable Ramon E. Reyes, Jr., USMJ
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Site Pro-1, Inc. v. Better Metal, LLC, Case No. 06-CV-6508 (ILG)(RER)

Dear Magistrate Judge Reyes:

    We are writing in response to the letter motion dated March 30, 2007, in which the plaintiff requests permission to serve a subpoena *duces tecum* on Yahoo Inc. ("Yahoo").

    The principal allegation of the plaintiffs' complaint is that Better Metal purchased a "sponsored search" from Yahoo that incorporated Plaintiffs' trademark, SITE PRO 1. As a result of the purchase, a Yahoo search for SITE PRO 1 would allegedly yield not only the standard Yahoo algorithm-driven search results, but also a link to Better Metal's website. (The link to Better Metal's website would be truthfully identified and would not be labeled using the plaintiff's mark.) As noted in Better Metal's pending Motion to Dismiss, such a purchase is not a "trademark use" under applicable Second Circuit law. As such, Plaintiff's Complaint is ripe for dismissal.

    However, in the event that the Court does not dismiss the Complaint, Better Metal recognizes that the plaintiff will be entitled to serve a subpoena on Yahoo for relevant documents. Better Metal also recognizes the plaintiff's current concern that, by operation of a document retention policy or otherwise, some relevant records held by Yahoo may be "lost" over time. As such, Better Metal does not oppose the plaintiffs' service of a subpoena on Yahoo for relevant records, i.e., records that specifically pertain to Better Metal's purchase of a sponsored search for "SITE PRO 1" or some combination of "site," "pro," and "one" or "1." We have communicated to Plaintiff's counsel that we will consent to such a subpoena.

    Unfortunately, the plaintiff insists on a subpoena that is not reasonably calculated to lead to the discovery of admissible evidence. The Proposed Subpoena requests a report identifying "each sponsored search purchased by Better Metal, including but not limited to the search terms 'site pro 1' or 'site pro one.'" Proposed Subpoena, Schedule A (emphasis added). However, the plaintiff is not entitled to discover the triggering keywords for other sponsored searches purchased by Better Metal and/or the results of searches conducted using those keywords.

1497662 v3
104017-003
4/4/2007

LAW OFFICES
1600 DIVISION STREET ▪ SUITE 700 ▪ P.O. BOX 340025 ▪ NASHVILLE ▪ TN ▪ 37203
TELEPHONE 615.244.2582   FACSIMILE 615.252.6380   www.boultcummings.com

Dockets.Justia.

Honorable Ramon E. Reyes, Jr., USMJ
April 4, 2007
Page 2

If the plaintiff survives the pending motion to dismiss, it will have to prove the following elements of trademark infringement: that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods or services,' . . . (5), without the plaintiff's consent." 1-800 Contacts, Inc. v. WhenU.com, 414 F.3d 400, 406 (2d Cir. 2005) (citations omitted). Additionally, the plaintiff will have to show that Better Metal's use of the subject mark was "likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff]." Id. (citations omitted). There is simply no way that knowing what other sponsored searches Better Metal purchased or what the results were of such purchases were could "make the existence of any fact that is of consequence to the determination of [this] action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (defining relevance).

Not only is the requested information not itself relevant, but the plaintiff makes no compelling argument that it would likely lead to the discovery of admissible evidence. The plaintiff merely states that "all of the information sought in the Subpoena is reasonably calculated to lead to discovery of matter that is relevant to the subject matter in this case, including damages and willfulness issues." Letter Motion, p. 2, n.2. But how is this the case? The plaintiff does not elaborate. Indeed, the plaintiff cannot elaborate because there is no logical connection between sponsored searches for search terms unrelated to the plaintiffs' trademark and proof of any aspect of trademark infringement based on that mark.

In short, Better Metal has attempted to be reasonable. The undersigned has offered to consent to a subpoena to Yahoo, even if otherwise untimely, so long as only information properly within the scope of FRCP 26(b)(1) is requested. Better Metal has offered such consent even though it believes this case is ripe for dismissal pursuant to Rule 12(b)(6). Better Metal has only withheld its consent to the Proposed Subpoena because the plaintiff declines to limit its proposed subpoena to requests reasonably calculated to lead to the discovery of admissible evidence.

We would be happy to address any questions or concerns Your Honor may have at the scheduled telephone conference.

1497662 v3
104017-003
4/4/2007

Honorable Ramon E. Reyes, Jr., USMJ
April 4, 2007
Page 3

                                         Truly yours,

                                         BOULT, CUMMINGS, CONNERS & BERRY, PLC

                          By: *Jonathan D. Rose*
                                       Jonathan D. Rose (JR-8848)