Westlaw.

Slip Copy  
Slip Copy, 2007 WL 1174863 (N.D.N.Y.)  
**(Cite as: Slip Copy)**

Page 1

Hamzik v. Zale Corporation/Delaware  
N.D.N.Y.,2007.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. New York.  
John HAMZIK, Plaintiff,  
v.  
ZALE CORPORATION/DELAWARE, Defendant.  
**No. 3:06-cv-1300.**

April 19, 2007.

John J. Hamzik, Johnson City, NY, pro se.  
Susan E. Farley, Alana M. Fuierer, David P. Miranda, Lee A. Palmateer, Shanna K. O'Brien, Heslin, Rothenberg Law Firm, Albany, NY, for Defendants.

### *DECISION and ORDER*

THOMAS J. McAVOY, Senior United States District Judge.

**\*1** Plaintiff commenced the instant action alleging various violations of the Lanham Act, 15 U.S.C. ch. 22. Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12 and for sanctions pursuant to Fed.R.Civ.P. 11.

### I. BACKGROUND

According to the Complaint, Plaintiff is the holder of the registered trademark "THE DATING RING." Plaintiff contends that he has continually used the mark in commerce since 2000 and was granted a trademark in March 2001. Compl. at ¶ 6. Plaintiff states that The Dating Ring has been extensively and continually advertised and promoted by Plaintiff through his website and via e-mail, phone sales, mailing, personal solicitations and news media articles. *Id.* at ¶ 9.

In February 2004, Plaintiff informed Defendant that he received over 500 results when he typed the keywords "dating ring" and their derivatives in the search function on Defendant's website, www.Zales.com. Defendant responded that the results appeared because their website generated results based on a search of the word "ring" only. *Id.* at ¶ 7. Plaintiff contends that Defendant has violated his trademark by causing results to appear on its website when a search is performed on the phrase "dating ring". It is further alleged that Defendant violated the trademark by purchasing the keywords "dating ring" for purposes of advertising with Google, Yahoo, and other companies that operate Internet search engines. *Id.* at ¶ 12.

### II. STANDARD OF REVIEW

On a Rule 12 motion to dismiss, the Court must construe the Complaint in favor of Plaintiff and may dismiss the Complaint "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Fernandez v. Chertoff,* 471 F.3d 45, 51 (2d Cir.2006) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  
During the pleadings stage in litigation, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir.2005) (citations omitted). Thus, we assume the truth of all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, *id.*-a rule that " 'applies with particular force where the ... the complaint is submitted *pro se.*' " *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002) (quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998)).

*Fernandez,* 471 F.3d at 51.

In reviewing the pending motion to dismiss, the Court has disregarded all materials submitted by Defendant outside of the pleadings. *See Amaker v. Weiner,* 179 F.3d 48, 50-51 (2d Cir.1999).

### III. DISCUSSION

#### a. *Trademark Infringement*

Defendant first moves to dismiss the trademark infringement claims on the ground that Plaintiff fails to allege a legally sufficient trademark use by Defendant. Defendant claims the Complaint should be dismissed because it never placed Plaintiff's trademark on any of its products, it never used the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Dockets.Justia.com

Slip Copy                                                                                                                  Page 2
Slip Copy, 2007 WL 1174863 (N.D.N.Y.)
**(Cite as: Slip Copy)**

words "dating ring" on its website or elsewhere, and, accepting Plaintiff's allegations on the Complaint as true, any use of the words "dating ring" on its website were used internally only and, therefore, are not actionable under the Lanham Act.

**\*2** To prevail on a trademark infringement claim for a registered trademark, Plaintiff must establish that: (1) he has a valid mark that is entitled to protection under the Lanham Act; and that (2) Defendant used the mark; (3) in commerce; (4) in connection with the sale or advertising of goods or services; (5) without Plaintiff's consent. *1-800 Contacts, Inc. v. Whenu.com, Inc.,* 414 F.3d 400, 406 (2d Cir.2005); 15 U.S.C. § 1114(1)(a). Plaintiff also must demonstrate that Defendant's use of the mark is likely to cause confusion as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods. *Id.;* 15 U.S.C. § 1124(a)(1)(A).

Although subject to question, for purposes of the present motion, the Court will presume that Plaintiff has a valid trademark on "The Dating Ring." [FN1] That leaves the question of whether Plaintiff's Complaint adequately states a claim that Defendant "used" his trademark within the meaning of the Lanham Act.

> FN1. Defendant moved to cancel Plaintiff's trademark before the Trademark Trial and Appeal Board of United States Patent and Trademark Office. That office suspended the proceedings before it pending a determination by this Court. Because the issue concerning the validity of the registration has not been fully briefed and would require reference to matters outside the pleadings, the Court declines to address it at this time. The parties may address this issue on a properly supported motion for summary judgment.

Under the Lanham Act, a mark is used in commerce on goods when:
it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale....

15 U.S.C. § 1127.

Defendant argues that the mere fact that its website generated a results list displaying various rings for sale when a computer user entered the terms "dating rings" on the website's search function does not constitute a "use" within the meaning of the Lanham Act. The Court agrees. As is evidenced from Plaintiff's exhibits attached to his Complaint,[FN2] when a computer user searched on the term "dating rings," the Zales.com website displayed: "you typed: dating rings" and then displayed links to hundreds of various types of rings with varying descriptions, such as a "Princess Diamond Ring," a "Diamond Fashion Ring," a "Round Diamond Promise Ring," a "Lab-Created Pink Sapphire Butterfly Ring," a "Ceylon Sapphire and Diamond Past Present Future Ring," "Diamond Engagement" rings, "Diamond Solitaire Engagement" rings, a "10k Gold Emerald Bypass Fashion Ring", a "Men's 1/5 CT. T.W. Round Diamond Band in Platinum," a "Men's Titanium Wedding Band", a "10k Gold Family Birthstone Marquise Ring," and numerous other types of rings. Compl. at Ex. P.[FN3] The computer user could then click on a link to a particular ring to obtain a full description of that ring. The fact that the website exhibited (displayed back) the search phrase entered by the computer user does not transform Defendant's actions into a "use" within the Lanham Act. Defendant cannot be held responsible for Plaintiff's own actions in typing the words "dating ring" in the website search function. There is no allegation that Plaintiff's trademark is displayed in any of the links to the rings offered for sale on Defendant's website.

> FN2. In reviewing a motion to dismiss, the Court may consider exhibits attached to the complaint. *Starr ex rel. Estate of Sampson v. Georgeson Shareholder, Inc.,* 412 F.3d 103, 109 (2d Cir.2005); *De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 69 (2d Cir.1996); Fed.R.Civ.P. 10(c).

> FN3. Many of the rings displayed in the results list (such as "promise rings" a "wedding bands" and "engagement rings") are obviously unrelated to the concept of Plaintiff's "The Dating Ring." This may impact the "likelihood of confusion" element of Plaintiff's trademark infringement claim.

**\*3** Similarly, the fact that Zales.com displayed rings for sale in response to a search for "dating rings" is not, under the facts alleged in the Complaint, a Lanham Act use. Case law makes it clear that merely

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

displaying alternative products in response to a computer search on a tradename is not a Lanham Act use. *See 1-800 Contacts,* 414 F.3d 400, 409-411 (2d Cir.2005); *Rescuecom Corp. v. Google, Inc.,* 456 F.Supp.2d 393 (N.D.N.Y.2006); *Merck & Co. v. Mediplan Health Consulting, Inc.,* 425 F.Supp.2d 402, 415-16 (S.D.N.Y.2006). Akin to the situation addressed by the Second Circuit in *1-800 Contacts,* "it is routine for vendors to seek specific 'product placement' in retail stores precisely to capitalize on their competitors' name recognition." 414 F.3d at 411.

The next issue is whether Defendant's purchase of the keyword terms "dating rings" from various search engines constitutes a "use" within the meaning of the Lanham Act. The law in this regard is in a state of flux. *See Buying For The Home, LLC v. Humble Abode, LLC,* 459 F.Supp.2d 310, 321-22 (D.N.J.2006) (listing various cases reaching different results); *Rescuecom Corp.,* 456 F.Supp.2d at 398 (purchase of keywords is not a "use"). The two cases in this Circuit to have addressed the issue found no "use" within the meaning of the Lanham Act. *See Rescuecom Corp.,* 456 F.Supp.2d at 403; *Merck & Co.,* 425 F.Supp.2d at 415-16. While the Court agrees with the reasoning and holdings of those cases, it finds that there may be a factual distinction between those cases and this one that may give rise to a Lanham Act "use".

In *Rescuecom,* it was alleged that Google sold the keyword "rescuecom" to competitors of Rescuecom Corp. so that when a computer user searched on the keyword rescuecom, Google would provide search results linking to the competitors' website. The court found no Lanham Act use because "there is no allegation that defendant places plaintiff's trademark on any goods, containers, displays, or advertisements, or that its internal use is visible to the public." 456 F.Supp.2d at 403. Similarly, in *Merck & Co.,* the defendants, which sold generic prescription drugs, "purchased from Internet search engine companies Google and Yahoo the right to have their websites displayed among the first results returned, as sponsored links, when a computer user conducts a search for the keyword 'ZOCOR'." 425 F.Supp.2d at 415. The court found no Lanham Act use because "defendants do not 'place' the ZOCOR marks on any goods or containers or displays or associated documents, nor do they use them in any way to indicate source or sponsorship. Rather, the ZOCOR mark is 'used' only in the sense that a computer user's search of the keyword 'Zocor' will trigger the display of sponsored links to defendants' websites."

*Id.*

In this case, Defendant purchased the keyphrases "dating ring" and "dating rings" from Internet search engines. When, for example, a computer user searched on that keyphrase on the Yahoo search engine, it returned a result that displayed "***Dating Rings*-Zales.**" Compl. at Ex. P58-60. A similar result was had by using the Google search engine, which displayed "**Dating Ring-**Zales." *Id.* Thus, unlike *Rescuecom* and *Merck & Co.,* in this case there may be facts demonstrating that Plaintiff's trademark *does* appear on the displays associated with the goods or documents associated with the goods or their sale.[FN4] These facts also serve to distinguish this case from *1-800 Contacts,* wherein the Second Circuit noted that there was no Lanham Act use because, among other things, the defendant in that case never caused the trademarks to be displayed to a computer user, 414 F.3d at 408, 410 ("[t]he fatal flaw ... is that [defendant's] pop-up ads do *not* display the [plaintiff's] trademark."), the trademarks as used in the defendant's system could not be seen or accessed by a computer user or the general public, *id.* at 409, and an advertisement could not be triggered by a computer user's having entered the trademark into the search function, *id.* Accordingly, the Court finds that the Complaint states a claim upon which relief can be granted with respect to the allegation that Defendant purchased the keyphrase "dating ring(s)". *See J.G. Wentworth, S.S.C. Ltd. Partnership v. Settlement Funding LLC,* 2007 WL 30115, at *4-6 (E.D.Pa.2007).[FN5]

> FN4. Arguably, these search results do not display "goods" in connection with Plaintiff's trademark, but merely display a link to Zales.com, where the goods are offered for sale. An argument could be made, however, that the link are documents associated with the goods or their sale. Neither party addresses this issue. For purposes of the instant motion, it is enough that the Complaint alleges that Defendant uses Plaintiff's trademark in connection with the sale of its goods. As previously noted, a motion to dismiss does not test whether Plaintiff is likely to prevail. Whether there are sufficient facts to support this claim (that is, whether Plaintiff's claims have any merit) can best be tested on a motion for summary judgment or at trial.

> FN5. In its memorandum of law, Defendant

Slip Copy                                                                                                                                        Page 4
Slip Copy, 2007 WL 1174863 (N.D.N.Y.)
**(Cite as: Slip Copy)**

states that "Plaintiff recently admitted that Zales immediately pulled its paid-for sponsored links from the Internet Search Engines once he notified them of this, and the sponsored links no longer appear. Accordingly, these exhibits and allegations are moot." Def.'s Mem. of Law at 17 n. 18. Any statements made by Plaintiff may not be considered in connection with the instant Rule 12 motion to dismiss. In any event, merely because Defendant quickly discontinued any offending conduct does not insulate them any wrongful conduct, although it may serve to mitigate the extent of any liability. That being said, the Court's conclusion that the Complaint states a claim upon which relief can be granted should not be interpreted to mean that Plaintiff has a valid trademark claim against Defendant.

**\*4** The Complaint also alleges that "Defendant ... markets its jewelry bearing THE DATING RING mark to potential customers...." Compl. at ¶ 4. For purposes of this motion, the Court must assume this allegation to be true. It cannot be said at this early stage of the litigation and based on the pleadings alone that Plaintiff can prove no set of facts in support of this claim. Under the liberal pleading rules, Plaintiff is not required to plead specific additional facts in support of this allegation. The existence (or non-existence) of facts supporting this claim can be found through the discovery process. That being said, in light of Defendant's motion for sanctions under Fed.R.Civ.P. 11 and litigants' general obligation not to assert claims that do not have a reasonable basis in fact or law, Plaintiff is cautioned not to pursue claims that are without reasonable support. Thus, for example, if Plaintiff knows that Defendant has never marked any of its products with his trademark, then he would be under an obligation to discontinue any such claim against Defendant.

For the foregoing reasons, the Court finds that the Complaint must be dismissed insofar as is claims trademark infringement based upon Defendant's internal website, but that the Complaint states a claim with respect to the allegations that: (1) Defendant purchased the keyphrase "dating ring(s)" which words then appeared next to Defendant's name on various search engines; and (2) Defendant "markets its jewelry bearing THE DATING RING mark to potential consumers...." *Id.* at ¶ 4.

**b.** *Counterfeiting/False Designation of Origin*

Plaintiff also alleges that Defendant has engaged in counterfeiting and falsely designated the origin of their rings. Although Plaintiff's claim in this regard appears to be unsupportable, his allegation that Defendant markets its jewelry bearing THE DATING RING mark to potential consumers is sufficient to state a claim of counterfeiting and false designation of origin. If, in fact, Defendant is selling its own goods with The Dating Ring mark on them, then Defendant's goods are not authentic The Dating Ring goods, but counterfeits. The Court will iterate its prior caution, however, that Plaintiff not pursue any claims that are without any factual basis.[FN6]

> FN6. Defendant claims to have deposition testimony from Plaintiff whereby he admits that Defendant has never marked or marketed any of its products with the term "dating ring". Sanctions for frivolous claims can include requiring the sanctioned party to pay the other side's attorneys fees. *See Caisse Nationale de Credit Agricole-CNCA, New York Branck v. Valcorp, Inc.,* 28 F.3d 259, 266-67 (2d Cir.1994). Moreover, sanctions are available against *pro se* litigants. *See Smith v. Education People, Inc.,* 233 F.R.D. 137, 142 (S.D.N.Y.2005).

**c.** *Dilution*

It is unclear whether Plaintiff is asserting a claim of trademark dilution. To the extent he is, such claim must fail. The Federal Trademark Dilution Act (the "Act") as amended effective October 6, 2006, "entitles the owner of a famous, distinctive mark to an injunction against the user of a mark that is 'likely to cause dilution' of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.,* 477 F.3d 765. 766 (2d Cir.2007); 15 U.S.C. § 1125(c)(1). To establish a violation of the Act, a plaintiff must show that: "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes [or is likely to dilute] the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Savin Corp. v. Savin Group,* 391 F.3d 439, 448-49 (2d Cir.2004). Plaintiff alleges no facts suggesting that his mark is famous, distinctive, or that Defendant's use of his trademark (if there be any such use) is likely to cause dilution.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

#### d. *False Advertising*

**\*5** Defendant also seeks dismissal of Plaintiff's false advertising claim. A claim under the Lanham Act for false advertising requires allegations that: "(1) the advertisement is literally false ..., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers." *Lipton v. Nature Co.,* 71 F.3d 464, 474 (2d Cir.1995); *see* 15 U.S.C. § 1125(a)(1)(B). The Complaint fails to identify any statements made by Defendant regarding its goods or those of another person that are literally false or likely to deceive or confuse customers. Accordingly, this claim must be dismissed.

#### e. *Validity of Plaintiff's Trademark Registration*

In support of its motion to dismiss, Defendant contends that Plaintiff's trademark registration is invalid because he did not use the mark in commerce and because he otherwise obtained the mark fraudulently. As previously noted, Defendant moved to cancel Plaintiff's trademark before the Trademark Trial and Appeal Board of United States Patent and Trademark Office. That office suspended the proceedings before it pending a determination by this Court. Because the issue concerning the validity of the registration has not been fully briefed and would require reference to matters outside the pleadings, the Court declines to address it at that time. The parties may address this issue on a properly supported motion for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART. To the extent Plaintiff's trademark infringement claims are based on a search of the Zales.com website using the phrase "dating ring" or "dating rings," they must be DISMISSED. In all other regards, the motion to dismiss the trademark infringement claims is DENIED. Defendant's motion to dismiss the counterfeiting/false designation of origin claim is DENIED. Defendant's motion to dismiss the dilution and false advertising claims is GRANTED. To the extent Defendant seeks a declaration regarding the validity of Plaintiff's trademark, that motion is DENIED WITH LEAVE TO RENEW upon a properly supported motion for summary judgment.[FN7] The issues raised by Defendant herein concerning whether its conduct constitutes a Lanham Act use also may be reargued on a properly supported motion for summary judgment.

> FN7. If Defendant files a motion for summary judgment, it shall ensure that it serves upon Plaintiff the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" notice that is available on the Court's website at *http://www.nynd.uscourts.gov/pdf/ftasumjd.pdf*. Plaintiff also shall familiarize himself with the contents of that notice and the requirements for responding to a motion for summary judgment, including all the requirements contained in Local Rule 7.1.

Plaintiff is cautioned not to pursue claims against Defendant that have no reasonable basis in fact or law. Continuing to pursue claims that are completely devoid of merit may result in the imposition of sanctions. The Court will reserve on Defendant's motion for sanctions to give Plaintiff an opportunity to withdraw any claims that he believes may not have a reasonable basis in law or fact and will rule on the pending motion for sanctions in connection with a motion for summary judgment or, if none, prior to trial.

IT IS SO ORDERED.

N.D.N.Y.,2007.
Hamzik v. Zale Corporation/Delaware
Slip Copy, 2007 WL 1174863 (N.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.